FULMER, Judge.
 

 Beverly Aguilar, the wife of the decedent Mike Aguilar, Jr., (hereinafter “the Wife”) appeals from an order dismissing her motion to contest the decedent’s will and remove the personal representative.
 
 [1]
 
 The Appellees are the daughters of the decedent (hereinafter “the Daughters”). The Wife’s motion raised the issue of undue influence in the procurement of the will by two of the daughters, Debra and Pamela Aguilar. The motion also sought the removal of Debra as personal representative. The trial court dismissed the Wife’s motion on the ground that it was not seiwed by formal notice within three months of service of the notice of administration. We reverse and remand for the trial court to reinstate the Wife’s motion.
 

 Notice of administration of the estate was served on the Wife on September 27, 2006. On November 3, 2006, the Wife filed a motion to contest the will and remove the personal representative and served it by regular U.S. mail to counsel for the personal representative. In January 2007, the Wife filed a motion for summary judgment on the ground that the undisputed affidavits and depositions showed the will was procured by undue influence. At the hearing on the Wife’s motion for summary judgment held March 15, 2007, counsel for the personal representative opposed the motion by filing a motion to dismiss and arguing that the Wife’s motion to contest the will had not been served by formal notice within three months of the date of service of the notice of administration. The trial court denied the Wife’s motion for summary judgment and ordered the parties to mediate all other issues in dispute. The next day, counsel for the Wife served her motion to contest the will with formal notice and filed proof of service on March 22, 2007.
 

 On October 23, 2007, the personal representative filed an amended motion to dismiss the Wife’s motion to contest the will. The trial court granted the personal representative’s motion and dismissed the Wife’s motion to contest the will with prejudice. The proceeding at which the trial court dismissed the Wife’s motion was not reported. Therefore, an agreed statement of evidence was filed in the appellate record pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). An addition to the statement of evidence was prepared by the trial court and also filed in the appellate record. It states:
 

 1. Notice of Administration of the estate was served by formal notice on September 27, 2006.
 

 
 *805
 
 2. The petitioner did not timely serve a petition to contest the will according to the Florida Probate Code 733.212(3). The petitioner merely filed a motion to contest the will without using formal notice.
 

 3. Under the Florida Probate Code 733.212(3), any objection to the validity of the will must be served with formal notice within three (3) months or objections are forever barred.
 

 4. Petitioner served the petition to contest the will by formal notice on March 16, 2007, almost six (6) months after the Notice of Administration.
 

 5. Judge Sexton denied the petition to contest the will on the grounds that it did not comply with Florida Probate Code 733.212(3).
 

 The Wife contends that the statute, section 733.212(3), Florida Statutes (2006), requires only the “filing” of objections within three months and that her failure to serve her motion by formal notice within the three-month deadline is not fatal to her claim. She further contends that even if service by formal notice were required within the three-month period, the Daughters waived the requirement by engaging in protracted litigation before raising their objection to the service. The Daughters respond that section 733.212 is implemented by Florida Probate Rules 5.025, 5.040, and 5.041(d), which require that an objection be served with formal notice by the three-month deadline.
 

 Section 733.212(3) provides:
 

 Any interested person on whom a copy of the notice of administration is served must object to the validity of the will, the qualifications of the personal representative, the venue, or the jurisdiction of the court
 
 by filing a petition
 
 or other pleading requesting relief in accordance with the Florida Probate Rules on or before the date that is 3 months after the date of service of a copy of the notice of administration on the objecting person, or those objections are forever barred.
 

 (Emphasis added.)
 

 The Wife’s motion was an adversary proceeding as defined in rule 5.025(a), and therefore she was required to serve formal notice pursuant to rule 5.025(d)(1). Rule 5.040 sets out the requirements for serving formal notice. It provides in subsection (a)(3)(A) that formal notice shall be served “by sending a copy by any commercial delivery service requiring a signed receipt or by any form of mail requiring a signed receipt.” Rule 5.041(d) governs filing and provides that “[a]ll original papers shall be filed either before service or immediately thereafter.”
 

 None of these rules contain a time requirement for serving formal notice. Further, the trial court’s conclusion that section 733.212(3) requires service of formal notice within three months is erroneous because the statute requires only the “filing” of objections within three months after the notice of administration is served. It does not require both filing and service of formal notice within the three-month period. It is undisputed that the Wife’s motion was timely filed. We therefore reverse the order dismissing the Wife’s motion and direct that it be reinstated.
 

 Reversed and remanded for further proceedings.
 

 KELLY and LaROSE, JJ., Concur.
 

 [1]
 

 . The Wife styled her pleading as a "Motion to contest the will and to remove Debra Aguilar as Personal Representative.” The Wife's pleading might more properly have been styled as a two-count petition for "revocation of probate of a will” and "removal of personal representative.” Fla. Prob. R. 5.025(a), 5.270, 5.440(a).